IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ALONDRA CEJUDO RIVAS,** | ) | |
| **MARIA SONIA CEJUDO RIVAS, on behalf of** | ) | **Civil Action No. _____** |
| **themselves and other persons similarly situated,** | ) | |
| | ) | **Magistrate Judge:** |
| **Plaintiffs,** | ) | |
| | ) | **District Judge:** |
| **v.** | ) | |
| | ) | |
| **RICELAND CRAWFISH, INC. and DEXTER** | ) | **COMPLAINT AND** |
| **GUILLORY,** | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Alondra Cejudo Rivas and Maria Sonia Cejudo Rivas, through their attorneys, Hughes Socol Piers Resnick & Dym, Ltd. and Kenneth W. DeJean, complain against Defendants Riceland Crawfish, Inc. and Dexter Guillory as follows.

## NATURE OF THE ACTION

1.    This is an action by two migrant workers, Alondra Cejudo Rivas and Maria Sonia Cejudo Rivas (collectively, "Plaintiffs") who worked for Defendants Riceland Crawfish, Inc. ("Riceland") and Dexter Guillory ("Guillory") from March to May 2011 cleaning, shelling, and packaging crawfish at Riceland's crawfish and alligator processing plant in Eunice, Louisiana. While working at Riceland, Plaintiffs were paid well below the minimum wage of $7.25 per hour and were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 & 207.

2.    Plaintiffs seek to recover from Defendants unpaid wages, interest, liquidated

1

damages, and attorneys' fees and costs on behalf of themselves and other similarly situated employees who worked for Riceland and Guillory during the past three years. 29 U.S.C. § 216(b). Plaintiffs also bring this action to obtain declaratory and injunctive relief.  *Id.*

### JURISDICTION

3.     The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

### VENUE

4.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district and the Defendants reside in this judicial district. *See* 28 U.S.C. § 1391(b).

### PARTIES

5.     Plaintiffs Alondra Cejudo Rivas and Maria Sonia Cejudo Rivas are citizens of Mexico.  In March 2011, they were lawfully admitted to the United States, pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a), as guest-workers on temporary work visas (also known as "H-2A visas").

6.     From approximately March 25, 2011 to May 5, 2011, Plaintiffs were employed by Defendant Riceland to perform services, including but not limited to, peeling and packaging crawfish.  When Plaintiffs worked for Riceland, they were engaged in the production of goods for commerce.

7.     At all relevant times, Plaintiffs and the members of the proposed Plaintiff Classes were Riceland's "employees" as that term is defined in the FLSA, 29 U.S.C. § 203(e).

8.     Defendant Riceland is a corporation organized under the laws of Louisiana with its principal place of business in Eunice, Louisiana.

9.      Defendant Riceland raises, processes, and packages crawfish and processes and packages alligator for sale in interstate commerce.  Riceland primarily processes crawfish and alligator that it does not farm itself.

10.     Riceland is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

11.     From March 2011 to May 2011, Riceland was Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), because it directed and supervised the work that Plaintiffs performed in Riceland's crawfish and alligator processing facility.

12.     Defendant Dexter Guillory is the general manager of Riceland and makes decisions about the hiring and firing of Riceland employees and about Riceland employees' rates of pay. From March 2011 to May 2011, he was the Plaintiffs' "employer" as that term is defined under the FLSA. 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

13.     From approximately March 25, 2011 to May 5, 2011, Plaintiffs worked for Defendants at their crawfish and alligator processing facility.

14.     Defendants paid Plaintiffs approximately $1.70 for each pound of crawfish that they peeled.   Defendants paid Plaintiffs approximately $7.00 per hour to work on crawfish traps or to perform other hourly work.

15.     On a typical day working at Riceland, Plaintiffs peeled approximately seven to fifteen pounds of crawfish during a ten-hour shift and spent approximately three to five hours working on crawfish traps or performing other hourly work. On some days, Plaintiffs were offered

3

no hourly work.

16.     For their work at Riceland, Plaintiffs were paid approximately $12 to $60 per day or approximately $2.00 to $4.00 per hour during each week of work.

17.     Plaintiffs often worked approximately ten to fifteen hours per day at Riceland and often worked six days per week.

18.     Defendants always paid Plaintiffs well below the minimum wage of $7.25 per hour during each week of work.

19.     Defendants never paid Plaintiffs one-and-a-half times their hourly rate for all hours worked in excess of forty in a workweek.

20.     Defendants paid Plaintiffs in cash.

21.     Defendants willfully violated Plaintiffs' rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

22.     During the past three years, at least one hundred employees similarly situated to Plaintiffs worked for Defendants performing services including, but not limited to, cleaning, peeling, and packaging crawfish, deboning alligator, and working on crawfish traps and performing other hourly work at Defendants' crawfish and alligator processing facility.

23.     Defendants paid Plaintiffs and other similarly situated employees on a piece rate basis for work performed peeling crawfish or deboning alligator.

24.     Defendants routinely paid Plaintiffs and other similarly situated employees well below the federal minimum wage for all compensable hours worked in a workweek. Typically,

4

Defendants paid Plaintiffs and other similarly situated employees between $2.00 and $4.00 per hour for each week of work.

25.     Defendants treated Plaintiffs and other similarly situated employees as exempt from the FLSA's overtime requirements.

26.     When Plaintiffs and other similarly situated employees worked for Defendants, they were not exempt from the FLSA's overtime requirement.

27.     Plaintiffs and other similarly situated employees did not satisfy the FLSA's agricultural workers exemption because they primarily processed crawfish and alligator that was not raised or harvested by Defendants.

28.     On information and belief, Defendants failed to make, keep, and preserve records of hours worked by Plaintiffs and other similarly situated employees.

29.     On information and belief, Defendants also failed to make, keep, and preserve records of amounts paid to Plaintiffs and other similarly situated employees.

30.     On information and belief, Defendants did not maintain any of the employment records required by 29 C.F.R. § 516.2(6)-(12).

## COUNT I
## Fair Labor Standards Act – FLSA Minimum Wage Class

31.     Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32.     Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as a putative collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and an **"FLSA Minimum Wage Class,"** consisting of current and former employees of Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this

5

suit as hourly or non-exempt employees and who Defendants did not pay at least $7.25 per hour for each week of work.

33.     Defendants willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by not paying Plaintiffs the federal statutory minimum wage for each workweek that Plaintiffs and other similarly situated employees worked for Defendants between October 1, 2009 and October 1, 2012.

34.     As a consequence of the Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid minimum wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## Fair Labor Standards Act – FLSA Overtime Class

35.     Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

36.     Plaintiffs bring the claims set forth in Count II, alleging violations of the FLSA, as a putative collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all current and former employees of Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

37.     Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiffs and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek between October 1, 2009 and

6

October 1, 2012.

38.     As a consequence of Defendants' FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment in their favor against Defendants and issue an order:

a.  Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Minimum Wage Class and FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b.  Entering judgment in the amount of all unpaid minimum wages and overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c.  Declaring that Defendants' conduct violated the FLSA;

d.  Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e.  Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g.  Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

October 1, 2012

Respectfully submitted,

/s/  Kenneth W. DeJean

Kenneth W. DeJean
417 W. University Avenue
Lafayette, LA 70506
P.O. Box 4325
Lafayette, LA 70502-4325
Telephone: (337) 235-5294
Facsimile: (337) 235-1095
kwdejean@kwdejean.com
*Local Counsel*

*Attorney for Plaintiffs*

/s/

One of the Attorneys for Plaintiffs
Matthew J. Piers (*Pro Hac Vice Pending*)
Illinois Bar No. 2206161
mpiers@hsplegal.com
José J. Behar (*Pro Hac Vice Pending*)
Illinois Bar No. 6203727
jbehar@hsplegal.com
Juliet Berger-White (*Pro Hac Vice Pending*)
Illinois Bar No. 6269404
jberger-white@hsplegal.com
Christopher J. Wilmes (*Pro Hac Vice Pending*)
Illinois Bar No. 6287688
cwilmes@hsplegal.com

**Hughes Socol Piers Resnick & Dym, Ltd.**
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Telephone: (312) 580-0100
Fax: (312) 580-1994

*Attorneys for Plaintiffs*

8