# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**ALONDRA CEJUDO RIVAS, ET AL.**            \*CIVIL NO. 6:12-2610

**VERSUS**                                    \*JUDGE HAIK

**BEAUCOUP CRAWFISH OF EUNICE, INC., ET AL.**    \*MAGISTRATE JUDGE HILL

## <u>ORDER</u>

The Court has been advised that the parties reached a settlement in this case which has been conditionally certified a collective action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Accordingly, a Motion for court approval of the settlement shall be filed within ninety (90) days.[1]  Upon filing, the Motion shall be set for hearing before the undersigned.

Signed this 6th day of May, 2014, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[1]Because this case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized.  *See Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945); *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004); *Liger v. New Orleans Hornets NBA Limited Partnership*. 2009 WL 2856246 (E.D. La. 2009).

Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a *bona fide* dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Camp*, 2004 WL  2149079, at \*4 *citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), *Jarrad v. Southern Shipbldg. Corp.*, 163 F.2d 960 (5th Cir. 1947) and *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1263 (M.D. Ala. 2003).

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors:  (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Camp*, 2004 WL  2149079 at \*5 *citing Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) *citing Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). When considering these factors, the court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Id. citing Cotton*, 559 F.2d at 1331 and *Henderson v. Eaton*, No. 01-0138, 2002 WL 31415728, at \*2 (E.D. La. 2002).

As part of the fairness determination, the Court must also assess the reasonableness of the proposed attorney's fees and expenses sought by plaintiffs' counsel.  *Camp*, 2004 WL 2149079 at \*18-19 *citing Strong*, 137 F.3d at 850, *Heidtman*, 171 F.3d at 1043 and *Longden*, 979 F.2d at 1100-01;  *Liger*, 2009 WL 2856246, at \*5.