UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALONDRA CEJUDO RIVAS, ET AL.           \*CIVIL NO. 6:12-2610

VERSUS           \*JUDGE HAIK

BEAUCOUP CRAWFISH OF EUNICE, INC., ET AL.   \*MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

The Court was advised that the parties reached a settlement in this case which has been conditionally certified a collective action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Accordingly, counsel filed a Joint Motion to Approve the Collective Action Settlement and Approve an Award of Attorney's Fees and Expenses. [rec. doc. 54]. Counsel has also provided a copy of the Proposed Settlement Agreement and Notice of Settlement with incorporated Release which has been signed by all sixty one collective action members except Dana Darbonne and Reginald Hardy. Mr. Hardy received Notice of the settlement and apparently approved the terms of the settlement but failed to return the Release form; Ms. Darbonne apparently did not approve the terms of the settlement and did not return the Release form. Class member Vincent Gallow will not receive any damages under the proposed Settlement Agreement because he did not work during the relevant time period. Under the proposed Settlement Agreement, all collective action members will receive the full amount of their damages under the FLSA and no collective action member's payment will be reduced by attorneys' fees and expenses.

For the following reasons, it is recommended that the **Proposed Settlement** be **Approved** and, accordingly, that the Court **grant** the Joint Motion to Approve the Collective Action Settlement and Approve an Award of Attorney's Fees and Expenses [rec. doc. 54] on the terms and conditions set forth in the Motion and the Proposed Settlement Agreement.

## LAW AND ANALYSIS

Because this case has been conditionally certified as a collective action under the FLSA, this Court must approve the settlement before it may be finalized. *See Brooklyn Sav. Bank v. Oneil*, 324 U.S. 697 (1945); *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004); *Liger v. New Orleans Hornets NBA Limited Partnership*. 2009 WL 2856246 (E.D. La. 2009).

Before the Court may approve a settlement in a collective action brought under the FLSA, it must first determine whether the settlement involves the resolution of a *bona fide* dispute over an FLSA provision and then decide whether the settlement is fair and reasonable. *Camp*, 2004 WL 2149079, at *4 citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), *Jarrad v. Southern Shipbldg. Corp.*, 163 F.2d 960 (5th Cir. 1947) and *Stalnaker v. Novar Corp.*, 293 F.Supp.2d 1260, 1263 (M.D. Ala. 2003).

The instant action presents a *bona fide* dispute over FLSA provisions, including whether: (1) the crawfish peeler and alligator de-boner plaintiffs were not paid the statutorily mandated minimum wages and/or the statutorily mandated overtime and, if so, whether the defendants violated the minimum wage and overtime wage provisions of the FLSA; (2) the extent of regular and overtime actually worked by each plaintiff; (3) the amount of wages and

overtime due each plaintiff; and (4) whether each plaintiff was entitled to liquidated damages. Because these issues are sufficient for this Court to find "that genuine uncertainty as to the outcome existed" for each side, a *bona fide* dispute exists in this case. *See Liger*, 2009 WL 2856246 at *3.

In determining whether a settlement is fair, adequate and reasonable, the Court should consider the following six factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members. *Id.* at *5 *citing Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983) *citing Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). When considering these factors, the court should keep in mind the "strong presumption" in favor of finding a settlement fair. *Id. citing Cotton*, 559 F.2d at 1331 and *Henderson v. Eaton*, No. 01-0138, 2002 WL 31415728, at *2 (E.D. La. 2002).

The parties have agreed to individual settlement amounts for each plaintiff who worked within the relevant time period (which are set forth in Exhibit C to the proposed Settlement Agreement), based on the extent of regular and overtime hours actually worked by each plaintiff and the amount of allegedly unpaid wages and overtime calculated to be due, as well as an equal amount in liquidated damages. For the reasons set forth below, these factors require a finding that the proposed settlement is fair, adequate and reasonable and, accordingly, should be approved by this Court.

There is no evidence of any fraud or collusion behind the settlement.  This Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary. *Camp*, 2004 WL 2149079 at *7 *citing* 4 Newberg on Class Actions § 11.51 (4th ed.); *Liger*, 2009 WL 2856246 at *3.  Moreover, since this case was filed in 2012, counsel for the parties have vigorously represented and advanced the position of their clients, engaging in discovery, and competently addressing the issues presented in this litigation.  Furthermore, given the Court's active role in overseeing this litigation and the attendance by the parties at court ordered conferences on March 6, 2013, June 7, 2013, June 25, 2013, September 26, 2013, which culminated in the June, 2014 proposed Settlement Agreement, it is clear that the settlement has been arrived at by arms-length bargaining and good faith negotiations.  The first factor favors approval of the settlement as fair, adequate and reasonable.

With regard to the inquiries set forth in the second factor,  the complexity, expense, and likely duration of the litigation, this FLSA action presented multiple complex legal issues which have been zealously litigated by experienced counsel, at significant expense.  Had a settlement not been consummated, the Court is of the opinion that this case would likely have remained in litigation for a significant amount of time, in excess of at least one additional  year, causing the parties to incur significant additional expense.  Following the opt-in deadline, the defendants intended to file a motion to decertify the collective action, which would have necessitated additional discovery, briefing and court appearances.  Moreover, it is likely that had this case proceeded to trial, due to the transient nature of the defendants' workforce, it

would have been difficult to locate class members, and to ascertain the appropriate damage awards due to each, given that the defendants did not track the numbers of hours worked by each plaintiff but, rather, apparently paid each plaintiff on a piece-meal basis, based on the number of pounds of crawfish and alligator attributable to each plaintiff. Accordingly, the second factor weighs heavily in favor of finding that the settlement is fair, adequate and reasonable.

The third factor, the stage of the proceedings and the amount of discovery completed, likewise supports a finding that the settlement is fair, adequate and reasonable and, accordingly, should be approved. This case has been pending nearly two years. During its pendency, the parties have conducted in-depth discovery, including both formal written discovery and informal discovery, focused on the present location of prospective class members for notification purposes (an arduous task given the transient nature of the defendants' work force) and the determination of regular and overtime hours worked by each (a burdensome task given the records kept by the defendants). The Court has conditionally certified a collective class of crawfish peelers and alligator de-boners and has assisted the parties and ruled on a number of issues regarding the proper procedures for locating and notifying potential class members of this lawsuit. While several substantive issues remain outstanding, including whether this collective action should be decertified, this case is ripe for settlement.

This case has been litigated by competent lawyers on each side. Accordingly, while at present, the plaintiffs enjoy a high probability of success on the merits, given the competency of defense counsel and the uncertainty of adverse rulings on the undecided decertification issue, failure on the merits remains possible. Moreover, depending on the outcome of this litigation, an appeal to the Fifth Circuit is likely. Thus, based upon the uncertainty of the eventual outcome of this litigation, the fourth factor weighs in favor of finding that the settlement of this action is fair, adequate and reasonable.

The fifth factor, the range of possible recovery, weighs in favor of a finding that the settlement is fair, adequate and reasonable. Each eligible class member will receive the full amount of back pay due for all minimum wage and overtime violations, plus an equal amount as liquidated damages. The Court therefore finds the total amount offered to each plaintiff is adequate, fair and reasonable and within range anticipated by the Court. Likewise, the total amount of attorney's fees and expenses sought by plaintiffs' counsel will not reduce any collective action member's damage award but, rather, will be paid to counsel separately, and only after each class member has been fully compensated. These fees and expenses are not excessive or unreasonable, and the Court therefore finds that these fees and expenses are fair and reasonable.

The final factor, the opinions of the class counsel, class representatives, and absent class members, also mandates a finding that the settlement is fair, adequate and reasonable. Class counsel, class representatives and all but one putative class member, as well as the defendants and their current and former counsel, have approved the terms of the Settlement Agreement

and have joined in asking this Court for approval. While one class member, Dana Darbonne, has not approved the terms of the settlement, one class member, Vincent Gallow, is not eligible to participate in the settlement, and another, Reginald Hardy, has yet to sign and return his Release form, there have been no objections to the settlement filed in the record.

Moreover, all, except Ms. Darbonne, agree that the proposed settlement is in the best interests of the parties involved. The settlement was arrived at after extensive negotiation by counsel. The Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement. *Liger*, 2009 WL 2856246, at *4 *citing Cotton*, 559 F.2d at 1330. However, the Court must keep in mind that a potential conflict of interest always exists between an attorney and a class. *Id*. (citations omitted). Counsel for plaintiffs states that each plaintiff has been advised of the terms and amount of the settlement and each, except Ms. Darbonne, have consented to participate in the settlement. The Court finds no evidence that plaintiffs' counsel has not worked in good faith to secure a good settlement. Finally, there are no known absent class members.

As part of the fairness determination, the Court must also assess the reasonableness of the proposed attorney's fees and expenses sought by plaintiffs' counsel. *Camp*, 2004 WL 2149079 at *18; *Liger*, 2009 WL 2856246, at *5. Plaintiffs' counsel seeks approval of an award of attorney's fees in the total amount of $56,829.08 for 440.80 hours of attorney work and 959.30 hours of paralegal work, and a total of $8,275.28 in expenses, for a total award of $65,104.36. For the reasons which follow, Court approval for payment by the defendants of these amounts to plaintiffs' counsel and their law firms should be granted.

The Fifth Circuit uses the lodestar method for determining reasonable attorney's fees in class actions and FLSA actions. *Camp*, 2004 WL 2149079 at *19 *citing Strong*, 137 F.3d at 850, *Heidtman*, 171 F.3d at 1043 and *Longden*, 979 F.2d at 1100-01. A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. *Id*. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *Id.* The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting. *Id. citing Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) *citing City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992) and *Shipes v. Trinity Indus.*, 987 F.2d 311, 319-20 (5th Cir.1993). Further, "[t]he lodestar . . . is presumptively reasonable and should be modified only in exceptional cases." *Id.* at *20 *citing Watkins v.*

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Johnson*, 488 F.2d at 717-19.

"[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Camp*, 2004 WL 2149079 at *20 *citing Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the *Johnson* factors, complexity of the issues, the results obtained, and preclusion of other employment, are fully reflected and subsumed in the lodestar amount. *Id. citing Heidtman*, 171 F.3d at 1043 *quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), and *Shipes*, 987 F.2d at 319-22 & n. 9. After *Johnson* was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. *Id. citing Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) *citing City of Burlington*, 505 U.S. at 567, and *Shipes*, 987 F.2d at 323.

*Fordice*, 7 F.3d 453, 457 (5th Cir.1993) *citing City of Burlington*, 505 U.S. at 562 and *Heidtman*, 171 F.3d at 1043.

In this case, plaintiffs' counsel have provided this Court with sufficient documentation demonstrating that lawyers and paralegals in the firm of Hughes, Socol, Piers, Resnick & Dym, Ltd. ("HSPRD") billed 1395.70 hours of work and local counsel Kenneth W. DeJean and his paralegal billed 3.3 hours of work, all of which were reasonably expended. The record reflects that counselors Jose J. Behar, Juliet Berger-White and Christopher Wilmes and their law firm HRPSD have represented the plaintiffs in this collective action since filing, along with local counsel Kenneth W. DeJean. Counsel have propounded and answered numerous discovery requests on behalf of each plaintiff, reviewed thousands of pages of the defendants' business records to determine the estimated damages for each collective action member, performed extensive investigation to notify hundreds of potential class members, some of whom were transient workers and therefore difficult to locate, and attended numerous conferences with the Court, in person and by telephone.

Further, plaintiffs' counsel have submitted documentation that these hours were expended for the benefit of the class, were reasonably necessary for the prosecution of this action and were neither excessive nor duplicative. Moreover, plaintiffs' counsel have submitted documentation indicating that although HSPRD lawyers and paralegals would have been entitled to $322,008.00 for the amount of hours actually worked at their normal hourly rates, they are seeking less than twenty percent (20%) of that amount under the terms of the

Settlement Agreement.

Plaintiffs' counsel seek hourly compensation rates between $200.00 and $460.00 per hour for attorneys, and between $75.00 to $160.00 per hour for paralegals.[2]  An attorney's requested hourly rate is *prima facie* reasonable when he requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested. *Id. citing LP & L*, 50 F.3d at 328.

While the rates of HSPRD attorneys are above the prevailing market rates of the Lafayette legal community (but only slightly above the rates of some local counsel), the plaintiffs have presented evidence that these rates are within the prevailing market rates of the Chicago area legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  Moreover, given that HSPRD has agreed to seek less than twenty percent (20%) of the actual value of their attorneys' fees incurred in this litigation, the hourly rate of each attorney has accordingly been substantially reduced.  Furthermore, the defendants do not contest the rates requested.

Based on the above, the Court's knowledge of the prevailing market rates in this legal community, evidence of the prevailing market rates in the Chicago legal community, the Court's familiarity with the qualifications and expertise of plaintiffs' counsel and their law firms[3], and recent awards of reasonable attorney's fees in this district, the actual and agreed

---

[2] HSPRD attorneys Behar, Berger-White and Wilmes seek hourly rates of $460.00, $400.00 and $340.00, respectively; local counsel DeJean seeks $200.00 per hour. HSPRD paralegals seek $160.00 per hour and Mr. DeJean's paralegal seeks $75.00 per hour.

[3] Plaintiffs' counsel has submitted documentation demonstrating that HSPRD, a 36 lawyer law firm in Chicago, Illinois, has extensive and nationwide experience in wage and hour and other complex

upon rates as adjusted by counsel's agreement to accept less than twenty percent of the actual attorneys' fees incurred, the requested rates of all attorneys and paralegals are reasonable.

The court next applies the *Johnson* factors, as amended by subsequent case law, to the lodestar amount. The *Johnson* factors have been evaluated as follows: (1) the time and labor required have already been considered; (2) although the legal issues were not novel, the procedural and factual issues were difficult and complex; (3) the skill required to perform the legal services properly has already been considered; (4) plaintiffs' counsel presented no evidence on this factor, however; (5) the customary fee has already been considered; (6) whether the fee is fixed or contingent is no longer a permissible factor; (7) there were no particular time limitations imposed by the clients or circumstances; (8) the amount involved was minimal, although not necessarily for class litigation, and the results obtained were reasonably successful; (9) the experience, reputation and ability of plaintiffs' attorney and their law firms have already been considered; (10) the case was not undesirable; (11) the nature and length of the professional relationship with the client is not a factor; and (12) the awards in similar cases are not relevant because the lodestar amount here depends on the actual hours worked and hourly rate of pay.

Finally, although the recovery for the class members is less than the recovery of the attorneys, there is no rule of proportionality between damages and attorneys' fees. *Hollowell v.*

---

litigation cases. Mr. Behar is a partner at HSPRD and has more than 22 years experience in the legal profession including broad expertise in handling complex litigation in wage and hour as well as civil rights cases. Ms. Berger-White is a partner at HSPRD with more than 14 years legal experience. Since 2012, Mr. Wilmes has also been a partner at HSPRD. Mr. DeJean, a solo practitioner, is well known to, and respected by, this federal bar, having practiced in the Lafayette area for over 38 years, maintaining an active litigation practice concentrating on person injury litigation, mass tort and class action lawsuits.

*Orleans Regional Hospital, LLC*, 217 F.3d 379, 392 (5th Cir. 2000) *citing Cobb v. Miller*, 818 F.2d 1227, 1235 (5th Cir. 1987) and *Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986). Thus, while a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award.  *Saizon v. Delta Concrete Products Co., Inc*. 488 F.3d 795, 799 (5th Cir. 2006); *Singer v. City of Waco, Texas*, 324 F.3d 813, 830 (5th Cir. 2003).

      In light of this analysis, no adjustment need be made to the lodestar.

      The Court also finds that the expenses sought to be recovered are reasonable and were necessarily incurred in prosecuting this litigation.  Documentation submitted by plaintiffs' counsel reveals that these expenses include filing fees, copy and mailing fees, computerized legal research expenses, travel expenses and telephone charges. "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." *Id. citing* Fed.R.Civ.P. 54(d) and *Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp*., 71 F.3d 198, 205 n. 5 (5th Cir. 1995). A party who obtains a favorable judgment on some of its claims may be regarded as a prevailing party, even if it has not sustained all of its claims. *Id*. Taxation of costs under Rule 54(d) is within the district court's discretion. *Id. citing Breaux v. City of Garland*, 205 F.3d 150, 164 (5th Cir. 2000). Although there is no "prevailing party" when a case settles, these principles indicate that plaintiffs' counsel should recover their costs expended in reaching a successful, fair and reasonable settlement in this action.

      Because collective action member Reginald Hardy received Notice of the settlement and apparently approved the terms of the settlement, but has failed to return the Release form

required for disbursement of the settlement funds, his claim should be dismissed without prejudice. The claim of Dana Darbonne should likewise be dismissed without prejudice since she apparently did not approve the terms of the settlement and did not return the required Release form. Finally, class member Vincent Gallow is not eligible to receive any damages under the proposed Settlement Agreement because he did not work during the relevant time period. Accordingly, his claims should also be dismissed without prejudice. The claims of the remainder of the collective action members should be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that **Proposed Settlement** be **Approved,** and accordingly, that the Court **grant** the Joint Motion to Approve the Collective Action Settlement and Approve an Award of Attorney's Fees and Expenses [rec. doc. 54] on the terms and conditions set forth in the Motion and the Proposed Settlement Agreement.

**Because the parties have agreed on the payment of the settlement funds and attorneys' fees and there has been no objections to the settlement filed in the record, the Court hereby shortens the time period for objections set forth in 28 U.S.C.A. § 636(b)(1)(c). The parties have five (5) days to serve and file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within five (5) days following the date of its service, shall bar an aggrieved party from attacking either**

**the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d. 1415 (5th Cir. 1996).**

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

Signed October 10, 2014, at Lafayette, Louisiana.

*[signature]*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE